UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------- x

| | |
|---|---|
| XIAMEN ITG GROUP CORP. LTD., | : |
| | :       ECF Case No. |
| Petitioner, | : |
| -vs.- | :   **Return Date: March 15, 2021** |
| | :      Oral Argument Requested |
| CRYSTAL VOGUE INC., | : |
| | : |
| Respondent. | : |

----------------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO CONFIRM FOREIGN ARBITRATION AWARD

MAZZOLA LINDSTROM LLP
1350 Avenue of the Americas, 2FL
New York, NY 10019
Tel: (646) 663-1860
*Attorneys for Petitioner*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 4

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 5

ARGUMENT .................................................................................................................................. 5

   I.   THE COURT'S JURISDICTION AND VENUE ARE PROPER TO CONFIRM THE AWARD .................................................................................................................................. 5

   II.   THE COURT SHOULD CONFIRM THE AWARD AS SET FORTH BY THE FEDERAL ARBITRATION ACT AND THE NEW YORK CONVENTION .......................... 6

CONCLUSION ............................................................................................................................. 8

4844-6720-6107, v. 2

# TABLE OF AUTHORITIES

**CASES**

*Admart AG v. Stephen & Mary Birch Found., Inc.*
  457 F.3d 302 (3d Cir 2006)..................................................................................................7

*Scherk v. Alberto-Culver Co.*
  417 U.S. 506, 520 n.15 (1974).............................................................................................6

**STATUTES**

9 U.S.C. § 2................................................................................................................................5
9 U.S.C. § 201........................................................................................................................4, 5
9 U.S.C. § 203............................................................................................................................5
9 U.S.C. § 204............................................................................................................................6
9 U.S.C. § 207............................................................................................................................7
28 U.S.C. § 1332........................................................................................................................6

4844-6720-6107, v. 2

Petitioner Xiamen ITG Group Corp. Ltd. ("Xiamen ITG") respectfully submits this memorandum of law in support of its petition and motion to confirm a foreign arbitration award and to enter judgment against Respondent Crystal Vogue Inc. ("Crystal Vogue") under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and the Federal Arbitration Act, 9 U.S.C. § 201, *et seq.*

## PRELIMINARY STATEMENT

This is an action arising under the New York Convention and the FAA to confirm a foreign arbitral award rendered by the China International Economic and Trade Arbitration Commission ("CIETAC"). Xiamen ITG and Crystal Vogue entered into a series of five sales contracts each containing an arbitration clause providing for CIETAC arbitration for any dispute, controversy, or claim arising out or of relating to the sales contracts. Crystal Vogue breached the contracts and failed to pay for goods delivered. After an arbitration hearing on May 29, 2019 in Beijing under CIETAC arbitration rules pursuant to the arbitration clause, the arbitral tribunal issued a final award on March 10, 2020 in favor of Xiamen ITG. The tribunal held that Crystal Vogue is liable to Xiamen ITG for failure to pay for goods delivered pursuant to a series of sales contracts in the amount of (1) $817,245.83 for the unpaid goods, (2) $33,625.64 in interest up to October 29, 2018, and interest at the annual rate of 4.75% calculated from October 30, 2018 to the date the award is paid, and (3) arbitration costs of RMB 174,970. The final award requires that payment be made within 30 days of the date of the award. Crystal Vogue has failed and refused to pay, and as such, Xiamen ITG brings this motion for a confirmation and summary enforcement of the arbitration award.

4

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Xiamen ITG respectfully refers the Court to the factual and procedural background as set forth in the Petition to Confirm Arbitration Award and accompanying Declaration of Ruofei Xiang, Esq. and supporting exhibits.

**ARGUMENT**

**I.    THE COURT'S JURISDICTION AND VENUE ARE PROPER TO CONFIRM THE AWARD**

This Court has subject matter jurisdiction under the New York Convention and the implementing provisions of the FAA. *See*, 9 U.S.C. §201 *et seq.*; 9 U.S.C. §2 *et seq.* The Court has original jurisdiction over an action that arises under the Convention. 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district court of the United States…shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.)

An action arises under the Convention if it concerns the enforcement of an arbitration agreement or arbitral award under the Convention. 9 U.S.C. § 202. Whether an arbitration agreement is within the scope of the Convention is determined by 9 U.S.C. §202, which states in pertinent part as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in Section 2 of this title, falls under the Convention. 9 U.S.C. § 202.

The sales contracts are written agreements regarding purchase of commodities by a New Jersey company from a Chinese company and are undoubtedly are commercial in nature. The

United States and China are signatories to the Convention. The arbitration clauses in the sales contracts reflects the parties' intent to settle by arbitration for any dispute, controversy or claim arising out of or relating to the contracts. The award rendered upon Crystal Vogue's breach of the contracts and failure to pay for goods delivered falls squarely within the New York Convention.

Moreover, subject matter is also proper under 28 U.S.C. § 1332(a). Crystal Vogue is a New Jersey corporation. Xiamen ITG is a foreign company incorporated in China with its principal place of business there. The amount of controversy exceeds $75,000 exclusive of interests and cost.

Venue is proper in this Court. Pursuant to 9 U.S.C. § 204,

> An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought, or in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States.

Save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could be brought in this Court because Crystal Vogue is a company formed under the laws of New Jersey with its principal place of business in New Jersey.

## II. THE COURT SHOULD CONFIRM THE AWARD AS SET FORTH BY THE FEDERAL ARBITRATION ACT AND THE NEW YORK CONVENTION

Recognition and enforcement of commercial arbitration agreements in international contracts are encouraged in signatory countries so as to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced. *Scherk v. Alberto-Culver Co.*, 417 U.S.

506, 520 n.15 (1974). The district court's role in reviewing a foreign arbitral award is limited. Upon application of a party to an arbitration award made pursuant to the New York Convention, a district court shall confirm the award as against any other party to the arbitration, unless the court finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention. 9 U.S.C. § 207; *Admart AG v. Stephen & Mary Birth Found., Inc.*, 457 F.3d 302, 307 (3d Cir. 2006).

Article V of the Convention delineates the limited and exclusive grounds under which a court may refuse recognition and enforcement of an award, and courts have strictly applied the Article V defenses and generally view them narrowly. *Admart AG*, 547 F3d at 308. None of the Article V defenses are available here.

A defense under Article V(1)(a) is inapplicable as the arbitration clauses in the sales contracts are valid under the law to which the parties have subjected it, and both parties were not under any incapacity at any point.

A defense under Article V(1)(b) is also inapplicable. Both parties were given proper notices of the entire arbitration proceeding and both parties were given the opportunity to raise their arguments. The tribunal provided notices of arbitration, arbitration rules, list of arbitrators, notice of formation of the tribunal, declaration of the arbitral tribunal, and notice of hearing to both parties. The tribunal also provided to each party documents and evidenced submitted by the other party. The tribunal further held that "[B]oth parties hereof debated the facts and legal issues and answered the questions raised by the Arbitration Tribunal." Xiang Decl. Exhibit C.

A defense under Article V(1)(c) is similarly inapplicable as the arbitration tribunal did not exceed the scope of authority. The arbitration hearing and award dealt only with the breach

of the sales contracts entered into between the parties. Such matters fall squarely within the terms of the submission to arbitration.

Article V(1)(d) allows a defense if the composition of the arbitral authority or procedure was not in accordance with the agreement of the parties. This defense is not available as the parties specifically contracted and agreed to conduct the arbitration in Beijing, China under CIETAC rules, which is exactly how the arbitration proceeded.

There is no defense under Article V(1)((e), as the arbitration clause provided that that an award rendered shall be final and binding, and the award itself is final and binding pursuant to its own terms.

Lastly, Article V(2) allows additional defenses if the subject matter of difference is not capable of settlement by arbitration under the law of that country or if the recognition or enforcement o the award would be contrary to the public policy of that country. These defenses are plainly applicable in a simple breach of commercial contract case.

There is no merit any of the Article V defenses in this case. Because the scope of this Court's review is necessarily narrow and because the burden is on the respondent to prove the applicability of the defenses listed in Article V of the Convention, this Court should confirm the arbitration award in its entirety.

## CONCLUSION

Based on the foregoing, Petitioner Xiamen ITG respectfully requests that this Court enter an order granting the motion to confirm the arbitral award in Xiamen ITG's favor and to enter judgment thereupon, together with such other and further relief as the Court may determine is appropriate in the circumstances.

4844-6720-6107, v. 2

Dated: New York, NY
     February 17, 2021　　　　　　　　　　　Respectfully submitted,

                                                           MAZZOLA LINDSTROM LLP

                                                           ___s/Ruofei Xiang___
                                                           Ruofei Xiang
                                                           1350 Avenue of the Americas, 2FL
                                                           New York, NY 10019
                                                           Tel: (646) 663-1860
                                                           ruofei@mazzolalindstrom.com
                                                           *Attorneys for Petitioner*

4844-6720-6107, v. 2