

**Michael S. Horn**
*Member of New Jersey and New York Bar*
mhorn@archerlaw.com
201-498-8529 (Ext. 7529) Direct
201-342-6611 Direct Fax

Archer & Greiner, P.C.
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-342-6000 Main
201-342-6611 Fax
www.archerlaw.com

May 25, 2021

**VIA ECOURTS**
Judge Edward S. Kiel
District of New Jersey
United States District Court
50 Walnut Street
Newark, New Jersey 07101

  Re: Xiamen ITG Group Corp, LTD. v. Crystal Vogue, Inc.
     Civil Action No. 2:21-cv-02813

Dear Judge Keil:

  We represent the Defendant, Crystal Vogue, Inc. in the above referenced matter. We respectfully request a pre-motion conference for leave to file an application to withdraw as counsel for Crystal Vogue, Inc. and to provide it forty-five (45) days to retain counsel and extend time to respond to the pending motion and time to responding to the outstanding petition accordingly.[1]

  In such a motion, Local Civil Rule 102.1 and R.P.C. 1.16(b) applies. RPC 1.16(b) provides: [e]xcept as stated in paragraph (c), a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists.

  When evaluating a motion to withdraw, the Court may consider four principal criteria: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of a case. *See Rusinow v. Kamara*, 920 F. Supp. 69, 70 (D.N.J. 1996); *see also Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

---

[1] There are two other related matters where we are also seeking to withdraw for the same reasons.

Judge Edward S. Kiel
May 25, 2021
Page 2

  All factors weigh in favor of our withdrawal. Specifically, we seek to withdraw as counsel since there has been a breakdown in communication between our firm and our client making it virtually impossible to continue to represent Crystal Vogue.  Without revealing confidential communications between us and our client[2], this breakdown in communication has made it extremely difficult for us to continue to represent it in this case.  In that regard, many of the documents and evidence is written in a foreign language, and many of the facts related to the case occurred in other countries.  These facts make it even more essential that there be continuous and open communication with our client.  In the absence of this necessary communication, as noted, it has become very difficult to represent this client.

  In addition, RPC 1.16 (b) (5) is applicable due to the failure to fulfil certain obligations under our agreement.  This supports a basis for withdrawing. As such, it is appropriate to grant the application because Crystal Vogue has fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.  We have actually notified our client multiple times that we will be seeking to withdraw as a result of its failure to fulfill its obligations to the firm under the lawyer's services agreement.

  It is important to note that this matter has just begun.  Withdrawal will not delay resolution of this case, as discovery is ongoing and the Court has neither entered a Final Pretrial Order nor set a trial date. *See United States ex rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Systems, Inc*., 994 F. Supp. 244, 253 (D.N.J. 1997). These factors weigh in favor of granting the motion.  Therefore, the case remains at an early stage and our withdrawal will not prejudice any party.  In short, our withdrawal can be accomplished without any adverse effect on the litigation.

  We appreciate the Court's attention to this application.

Respectfully,

MICHAEL S. HORN

Cc: Counsel of Record.
Brian Wu, Crystal Vogue (via Email and Regular Mail)
221202102v1

---

[2] We have omitted further details to preserve confidentiality, but will provide further details and supporting documentation for *in camera* review if requested by the Court.